**Eleanor HAMMOND, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1884.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 5, 1956.

Decided Dec. 17, 1956.

2. Ibid.

Wesley S. Williams, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was charged with occupying a building for human habitation which had been condemned in accordance with Code 1951, Supp. IV, § 5-618. She pleaded not guilty.

At the trial on August 7, 1956, the government produced evidence of condemnation of the building on July 9, 1952, and of personal service of notice of condemnation on appellant and the affixing of a copy of this notice to the building on the same date. The notice stated that human occupancy of the building would be unlawful after July 26, 1952. The approved statement of proceedings and evidence recites that the District adduced "detailed evidence concerning the almost innumerable reasons why the building was condemned and the continuous efforts over the past four years of building inspectors and numerous other District of Columbia officers and employees to have the conditions which caused the building to be condemned to be corrected or the building vacated and razed." Photographs were introduced in evidence showing the distressing condition of the condemned building. It was established that appellant had lived in the building continuously since the time it was condemned until the time of trial and that her possessions, furniture and household articles were in the building. The government rested its case, whereupon counsel for appellant "stated to the Court that there was no sense in taking up the time of the Court further and that he was satisfied his client was guilty. He stated also that he had viewed the building and that it was the worst place he had ever seen in his life." [1]

The court inquired of appellant if she had anything further to say and she testified that she had lived in the building continuously since before it was condemned up

---

1. Quoting from the approved statement of proceedings and evidence.

to the time of the trial and that some of the conditions which had caused the building to be condemned had been remedied, but because she was unable to afford it other conditions had not been corrected.

The court found the appellant guilty but continued the case and during the interval visited the premises before imposing sentence of $150 or 30 days in jail. This appeal followed.

Counsel for appellant in this court did not represent her at the trial. While he asserts in his brief that the real and sole point on appeal is that the finding is contrary to the evidence and to the weight of the evidence, he apparently abandons that ground and rests his entire case on the statements made by trial counsel, which he contends materially prejudiced the appellant before the trial judge.

 We first rule that there was ample evidence to justify the guilty finding.

 Proceeding to the question of trial counsel's remarks, it is argued that Tatum v. United States [2] should persuade this court to reverse, in that they conceded his client's guilt. In Tatum, however, the court held that the action of counsel in admitting, evidently in his closing argument to the jury, that a verdict of guilty was proper under the circumstances and evidence of that case conceded away Tatum's defense of insanity, although Tatum himself "had not conceded guilt" but had testified that he had no recollection of committing the act in question. This was held to be a "defect 'affecting substantial rights.' "

Here appellant, when she testified, admitted living in the condemned building since before it was condemned up until the time of the trial. This testimony constituted an admission of guilt by appellant herself of violating the provisions of § 5–618 and such violators are subject to the penal sanctions contained in Code 1951, Supp. IV, § 5–

631. We therefore distinguish the instant case from Tatum and hold that under all the circumstances of this case, trial counsel's statements (the propriety of which might be questioned) did not concede away any substantial right of the appellant. The conviction must stand.

 However, the sentence imposed was $150 or 30 days' imprisonment in default of payment of the fine. The penalties provided by § 5–631 are a fine of not more than $100 or imprisonment for not more than 90 days for the offense of which appellant was convicted. Accordingly that part of the sentence relating to the fine was excessive and not in line with the Code provision. The case will therefore be remanded to the trial court with instructions to vacate the existing sentence and to resentence in accordance with the statute.

It is so ordered.

---

2. 88 U.S.App.D.C. 386, 190 F.2d 612, 618.